92 Cal.Rptr.2d 349 (2000)
77 Cal.App.4th 1265
In re RICARDO A., a Person Coming Under the Juvenile Court Law.
The People, Plaintiff and Respondent,
v.
Ricardo A., Defendant and Appellant.
No. B133005.
Court of Appeal, Second District, Division Six.
January 31, 2000.
Review Denied May 17, 2000.[*]
California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, Los Angeles, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, M. Susan Sullivan, Deputy Attorney General, for Plaintiff and Respondent.
GILBERT, P.J.
The juvenile court sustained a petition charging Ricardo A. with carrying a dirk or dagger in violation of Penal Code section *350 12020, subdivision (a).[1] Violation of that section requires the dirk or dagger to be substantially concealed on the person of the offender.
Ricardo contends that the dirk he was carrying was in plain view. The juvenile court's finding that the dirk was substantially concealed was supported by evidence that the dirk appeared to be a pen and that the point was concealed behind Ricardo's ear. We affirm.

FACTS
On August 28, 1998, Officer Karl Dyer was working as a detective at Channel Islands High School. He saw four or five persons, three of whom he recognized. All had shaved heads and baggy pants. Ricardo was one of them.
Officer Dyer conducted a patdown search for his safety. As he was patting down Ricardo he saw what from the front appeared to be a pen resting on his ear. When Officer Dyer moved around to Ricardo's back he saw that the pen was actually a dirk. A Bic pen had been modified so that a Phillip's head-screwdriver was inserted into the pen with the sharpened point protruding from the pen cap. The point of the screwdriver was at the back of Ricardo's head behind his ear. The device was six to eight inches long.
Ricardo told Officer Dyer that he was not a member of a gang, but that he carried the weapon because he had been "jumped" by some gang members a week earlier.
Ricardo argued in the juvenile court that he did not conceal the dirk as required for a conviction under section 12020, subdivision (a). The juvenile court disagreed stating, "[t]he nature of the device is that unless you see it from exactly the right angle you think it's a pen." The court also stated that because the point of the device was behind Ricardo's head, Officer Dyer thought it was a pen until he went around to Ricardo's back.

DISCUSSION
Section 12020, subdivision (a), makes it a crime for any person to carry a dirk or dagger "concealed upon his or her person...." Subdivision (c)(24) of that section defines dirk or dagger as "a knife or other instrument with or without a handguard that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death." The dirk or dagger need not be entirely concealed; substantial concealment is sufficient. (People v. Wharton (1992) 5 Cal.App.4th 72, 75, 6 Cal.Rptr.2d 673.)
Ricardo argues there is no substantial evidence that the dirk was concealed upon his person because his head was shaved and the entire dirk was apparent to anyone who saw him. But the juvenile court found the dirk was not apparent to everyone who saw Ricardo. To anyone approaching Ricardo from the front it would appear he was carrying a pen on his ear. It was only by looking behind his ear that someone could tell he had a dirk. This finding was amply supported by the testimony of Officer Dyer.
Ricardo argues that the statutory definition of a dirk is so broad that many ordinary objects intended for harmless use but capable of inflicting serious injury may qualify as a dirk. (Citing In re George W. (1998) 68 Cal.App.4th 1208, 1212, 80 Cal. Rptr.2d 868.) He gives the example of a pencil, which ordinarily has a harmless use, but which may be used to inflict serious injury. He concludes that a harmless appearance cannot establish the element of substantial concealment.
But it does not follow that because some harmless appearing objects may be dirks, knives that appear to be harmless objects cannot be concealed dirks. We are not concerned here with a pen that may incidentally be used as a dirk. Instead, we are concerned with an object that is indisputably a dirk, but appears to be a pen. A *351 dirk disguised as some ordinarily harmless object, such as a pen, is concealed.
Ricardo argues that cases in which a dirk was found to have been substantially concealed have done so only when the weapon was hidden in the defendant's clothing. (Citing In re Victor B. (1994) 24 Cal.App.4th 521, 29 Cal.Rptr.2d 362; In re Robert L. (1980) 112 Cal.App.3d 401, 169 Cal.Rptr. 354.) Ricardo points out that the dirk was not concealed in his clothing and that his head was shaved.
It may be true that in all of the cases discussing the question of concealment, the dirk or dagger was concealed in the defendant's clothing. But Ricardo cites no case that holds concealment in clothing is the only method of concealment sufficient to sustain a conviction.
Here the juvenile court concluded that Ricardo substantially concealed the dirk by a combination of its appearance as a pen and the placement of the point behind his ear. Because this conclusion is supported by the evidence, we have no power to disturb it on appeal. (See People v. Ochoa (1993) 6 Cal.4th 1199, 1206-1207, 26 Cal. Rptr.2d 23, 864 P.2d 103.) The judgment is affirmed.
YEGAN, J., and COFFEE, J., concur.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of Court  Rules 976 and 977).
[1] All statutory references are to the Penal Code unless otherwise stated.